USDC SCAN INDEX SHEET
Case 3:02-cv-01731-BEN-WMC   Document 1   Filed 08/29/02   Page 1 of 15

















JPP    8/30/02    10:34

3:02-CV-01731    CONTINENTAL INS V. PANALPINA INC

*1*

*CMP.*

Michael W. Lodwick (Bar No. 147760)
Paul K. Song (Bar No. 211183)
HAIGHT BROWN & BONESTEEL LLP
5 Hutton Centre Drive, Suite 900
Post Office Box 2510
Santa Ana, California 92707-0510
Telephone: (714) 754-1100
Facsimile: (714) 754-0826

Attorneys for Plaintiffs
THE CONTINENTAL
INSURANCE COMPANY and
QUALCOMM INCORPORATED

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

'02 CV 1731 JM (JAH)

| | |
|---|---|
| THE CONTINENTAL INSURANCE COMPANY, a corporation; and QUALCOMM INCORPORATED, a corporation,<br><br>Plaintiffs,<br>v.<br>PANALPINA, INC., a corporation,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT; BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN BAILMENT |

Plaintiffs allege:

### FIRST CAUSE OF ACTION

(Complaint for Loss of Cargo

Under the Carmack Amendment)

1. This action arises under the laws of Congress regulating commerce and jurisdiction exists pursuant to 49 U.S.C. § 13501, *et seq.*, as this action involves the loss of goods carried by truck from San Diego, California, to the state of Florida, and is subject to the provisions of the Carmack Amendment, 49 U.S.C. § 14706. Jurisdiction is also based on 28 U.S.C. § 1331.

1

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

MO25-0000011
2807039.1

COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT; BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

AUG 29 2002 14:41                                                                   7147547408                    PAGE.02

2. Plaintiffs bring this action on their own behalf and on behalf of all parties who were, are, or may become interested in all or part of the goods which are the subject of this litigation, as their interests may appear.

3. Plaintiff The Continental Insurance Company ("Continental") is, and was at all times material herein, a corporation duly organized and existing by virtue of law, and was the insurer of the cargo described below owned by its assured, plaintiff Qualcomm Incorporated ("Qualcomm").

4. Plaintiff Qualcomm is, and was at all times material herein, a corporation duly organized and existing by virtue of law, and was the owner of the cargo described below.

5. Plaintiffs are informed and believe, and on that basis allege, that defendant Panalpina, Inc. is, and was at all times material herein, a corporation or other business entity duly organized and existing by virtue of law, is and was at all times material herein engaged in business as a common carrier and/or contract carrier, freight forwarder, freight broker, and/or transportation broker of goods for hire carried by truck and airplane between various places including San Diego, California; Florida; and Brazil, and is and was at all material times doing business within this judicial district.

6. Defendant is a receiving and delivering carrier within the meaning of the Carmack Amendment, 49 U.S.C. § 14706, and is liable to plaintiffs for the loss of the cargoes described below.

7. Plaintiffs are informed and believe, and on that basis allege, that between about October 7, 1998 and October 14, 1998, defendant entered into

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO28-0000011
2807039.1

COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT;
BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

AUG 29 2002 14:41                    7147547408            PAGE.03

1  contracts of affreightment including, but not necessarily limited to, air waybill
2  numbers 330-20186891 and SAN418672, and thereafter acknowledged receipt of
3  cargo consisting of cellular phone kits ("Cargo Number 1"). Defendant agreed to
4  accept, receive, and care for Cargo Number 1 in San Diego, California, and to carry
5  and transport Cargo Number 1 by truck from San Diego, California, to the state of
6  Florida; to then transport Cargo Number 1 by airplane from the state of Florida to
7  Brazil; and thereafter to deliver Cargo Number 1 in Brazil to the consignee or other
8  party entitled to Cargo Number 1, in like good order and condition as when received
9  in San Diego, California.

10

11         8.    Plaintiffs are informed and believe, and on that basis allege, that
12  on or about October 7, 1998, Cargo Number 1 was received by defendant for
13  transportation by truck from San Diego, California, to the state of Florida, for
14  subsequent carriage by air from the state of Florida to Brazil.

15

16         9.    Plaintiffs are informed and believe, and on that basis allege, that
17  on or about October 9, 1998, defendant entered into contracts of affreightment
18  including, but not necessarily limited to, air waybill numbers 330-20186891 and
19  SAN418725, and thereafter acknowledged receipt of cargo consisting of cellular
20  phone kits ("Cargo Number 2"). Defendant agreed to accept, receive, and care for
21  Cargo Number 2 in San Diego, California, and to carry and transport Cargo Number
22  2 by truck from San Diego, California, to the state of Florida; to then transport
23  Cargo Number 2 by airplane from the state of Florida to Brazil; and thereafter to
24  deliver Cargo Number 2 in Brazil to the consignee or other party entitled to Cargo
25  Number 2, in like good order and condition as when received in San Diego,
26  California.
27  ///
28  ///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO2S-0000011
2507039.1

3
COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT;
BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

AUG 29 2002 14:42                                          7147547408            PAGE.04

10. Plaintiffs are informed and believe, and on that basis allege, that on or about October 9, 1998, Cargo Number 2 was received by defendant for transportation by truck from San Diego, California, to the state of Florida, for subsequent carriage by air from the state of Florida to Brazil.

11. Plaintiffs are informed and believe, and on that basis allege, that on or about October 21, 1998, defendant entered into contracts of affreightment, including, but not necessarily limited to, air waybill numbers 330-20162730 and SAN418948, and thereafter acknowledged receipt of cargo consisting of cellular phone kits ("Cargo Number 3"). Defendant agreed to accept, receive, and care for Cargo Number 3 in San Diego, California, and to carry and transport Cargo Number 3 by truck from San Diego, California, to the state of Florida; to then transport Cargo Number 3 by airplane from the state of Florida to Brazil; and thereafter to deliver Cargo Number 3 in Brazil to the consignee or other party entitled to Cargo Number 3, in like good order and condition as when received in San Diego, California.

12. Plaintiffs are informed and believe, and on that basis allege, that on or about October 21, 1998, Cargo Number 3 was received by defendant for transportation by truck from San Diego, California, to the state of Florida, for subsequent carriage by air from the state of Florida to Brazil.

13. Plaintiffs are informed and believe, and on that basis allege, that between about October 21, 1998 and October 29, 1998, defendant entered into contracts of affreightment including, but not necessarily limited to, air waybill numbers 330-20162730 and SAN418949, and thereafter acknowledged receipt of cargo consisting of cellular phone kits ("Cargo Number 4"). Defendant agreed to accept, receive, and care for Cargo Number 4 in San Diego, California, and to carry

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO28-0000011
2807039.1

4
COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT;
BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

AUG 29 2002 14:42                                              7147547408            PAGE.05

1  and transport Cargo Number 4 by truck from San Diego, California, to the state of
2  Florida; to then transport Cargo Number 4 by airplane from the state of Florida to
3  Brazil; and thereafter to deliver Cargo Number 4 in Brazil to the consignee or other
4  party entitled to Cargo Number 4, in like good order and condition as when received
5  in San Diego, California.

7   14.   Plaintiffs are informed and believe, and on that basis allege, that
8  on or about October 21, 1998, Cargo Number 4 was received by defendant for
9  transportation by truck from San Diego, California, to the state of Florida, for
10  subsequent carriage by air from the state of Florida to Brazil.

12   15.   Plaintiffs are informed and believe, and on that basis allege, that
13  on or about October 27, 1998, defendant entered into contracts of affreightment
14  including, but not necessarily limited to, air waybill numbers 330-20162730 and
15  SAN419023, and thereafter acknowledged receipt of cargo consisting of cellular
16  phone kits ("Cargo Number 5"). Defendant agreed to accept, receive, and care for
17  Cargo Number 5 in San Diego, California, and to carry and transport Cargo Number
18  5 by truck from San Diego, California, to the state of Florida; to then transport
19  Cargo Number 5 by airplane from the state of Florida to Brazil; and thereafter to
20  deliver Cargo Number 5 in Brazil to the consignee or other party entitled to Cargo
21  Number 5, in like good order and condition as when received in San Diego,
22  California.

24   16.   Plaintiffs are informed and believe, and on that basis allege, that
25  on or about October 27, 1998, Cargo Number 5 was received by defendant for
26  transportation by truck from San Diego, California, to the state of Florida, for
27  subsequent carriage by air from the state of Florida to Brazil.
28  ///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO2S-0000011
2807039.1

5
COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT;
BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

AUG 29 2002 14:42                                                    7147547408        PAGE.06

17. Plaintiffs are informed and believe, and on that basis allege, that defendant failed and neglected to care for and transport Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 to the consignee or other party entitled to Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 in Brazil, in like good order and condition as when received in San Diego, California. To the contrary, portions of Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 the Cargo were lost and/or stolen while in the possession of defendant prior to delivery to the consignee or other party entitled to Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 in Brazil.

18. Plaintiffs have performed all conditions, covenants, and promises required to be performed under the applicable written agreements pertaining to Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5, in accordance with their terms and conditions, or otherwise are excused from such conditions, covenants, and promises.

19. Before the filing of this Complaint, but after the losses described above, plaintiff Continental was obligated to pay, and did pay, to the consignee of Cargo 1, the sum of $2,340.54, for the partial loss of Cargo Number 1, and plaintiff Continental is now subrogated to all rights, claims, and causes of action for the loss to Cargo Number 1. Plaintiff also incurred survey and other investigative expenses in an amount to be proved at trial.

20. Before the filing of this Complaint, but after the losses described above, plaintiff Continental was obligated to pay, and did pay, to the consignee of Cargo 2, the sum of $13,794.70, for the partial loss of Cargo Number 2, and plaintiff Continental is now subrogated to all rights, claims, and causes of action for the loss

COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT; BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO2S-0000011
2507039.1

AUG 29 2002 14:43                    7147547408           PAGE.07

to Cargo Number 2. Plaintiff also incurred survey and other investigative expenses in an amount to be proved at trial.

21. Before the filing of this Complaint, but after the losses described above, plaintiff Continental was obligated to pay, and did pay, to the consignee of Cargo 3, the sum of $112,878.27, for the partial loss of Cargo Number 3, and plaintiff Continental is now subrogated to all rights, claims, and causes of action for the loss to Cargo Number 3. Plaintiff also incurred survey and other investigative expenses in an amount to be proved at trial.

22. Before the filing of this Complaint, but after the losses described above, plaintiff Continental was obligated to pay, and did pay, to the of Cargo 4, the sum of $57,590.46, for the partial loss of Cargo Number 4, and plaintiff Continental is now subrogated to all rights, claims, and causes of action for the loss to Cargo Number 4. Plaintiff also incurred survey and other investigative expenses in an amount to be proved at trial.

23. Before the filing of this Complaint, but after the losses described above, plaintiff Continental was obligated to pay, and did pay, to the consignee of Cargo 5, the sum of $2,292.34, for the partial loss of Cargo Number 5, and plaintiff Continental is now subrogated to all rights, claims, and causes of action for the loss to Cargo Number 5. Plaintiff also incurred survey and other investigative expenses in an amount to be proved at trial.

24. Plaintiff Qualcomm suffered an uninsured loss in the amount of $150,000.00 as a result of the loss of Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5.

///

COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT; BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO28-0000011
2807039.1

25. By reason of the foregoing, plaintiffs has been damaged in a sum not less than $338,896.31, plus survey and other investigation costs in an amount to be proved at trial, no part of which has been paid by defendant, despite demand therefore.

## SECOND CAUSE OF ACTION

(Breach of Contract)

26. Plaintiffs refer to paragraphs 1 through 25, inclusive, of this Complaint, and incorporate them herein as though fully set forth.

27. Plaintiff are informed and believe, and on that basis allege, that on or about October 7, 1998, Cargo Number 1 was placed into the care, custody, and control of defendant and defendant agreed to accept, receive, care for, transport, and deliver the Cargo, and for which defendant was paid.

28. Plaintiffs are informed and believe, and on that basis allege, that on or about October 9, 1998, Cargo Number 2 was placed into the care, custody, and control of defendant and defendant agreed to accept, receive, care for, transport, and deliver the Cargo, and for which defendant was paid.

29. Plaintiffs are informed and believe, and on that basis allege, that on or about October 21, 1998, Cargo Number 3 was placed into the care, custody, and control of defendant and defendant agreed to accept, receive, care for, transport, and deliver the Cargo, and for which defendant was paid.

30. Plaintiffs are informed and believe, and on that basis allege, that on or about October 21, 1998, Cargo Number 4 was placed into the care, custody,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO28-0000011
2807039.1

8
COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT;
BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

AUG 29 2002 14:43                                                            7147547408                    PAGE.09

1 and control of defendant and defendant agreed to accept, receive, care for, transport,
2 and deliver the Cargo, and for which defendant was paid.

31. Plaintiffs are informed and believe, and on that basis allege, that on or about October 27, 1998, Cargo Number 5 was placed into the care, custody, and control of defendant and defendant agreed to accept, receive, care for, transport, and deliver the Cargo, and for which defendant was paid.

32. Defendant agreed to safely accept, receive, care for, transport, and deliver Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 to the consignee or other party entitled to Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 in Brazil in the same good order and condition as when Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 were received by defendant in San Diego, California.

33. Defendant materially and substantially breached and deviated from their agreements by failing to deliver Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 in good order and condition to the consignee or other party entitled to Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5, by allowing Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 to be lost and/or stolen prior to delivery to the consignee or other party entitled to the Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 in Brazil.

34. Plaintiffs have performed all conditions, covenants, and promises required to be performed under the applicable contracts of affreightment pertaining

9
COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT; BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO28-0000011
2307039.1

AUG 29 2002 14:44                                    7147547408                    PAGE.10

to Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5, in accordance with their terms and conditions, or otherwise are excused from such conditions, covenants, and promises.

35. By reason of the foregoing, plaintiffs has been damaged in a sum not less than $338,896.31, plus survey and other investigative expenses in an amount to be proved at trial, no part of which has been paid by defendant, despite demand therefore.

### THIRD CAUSE OF ACTION

(Negligence)

36. Plaintiffs refer to paragraphs 1 through 25 and 27 through 35, inclusive, of this Complaint, and incorporate them herein as though fully set forth.

37. The partial losses of Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 were directly, proximately, and legally caused by the negligence and carelessness of defendant.

38. As a direct, proximate, and legal result of the negligence and carelessness of defendant, plaintiffs have been damaged in a sum not less than $338,896.31, plus survey and other investigative expenses in an amount to be proved at trial, for the partial losses of Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5, no part of which has been paid by defendant, despite demand therefore.

///
///
///

10
COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT; BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

MO28-0000011
2807039.1

AUG 29 2002 14:44                     7147547408              PAGE.11

## FOURTH CAUSE OF ACTION

(Breach of Duty to Care for Property in Bailment)

39. Plaintiffs refer to paragraphs 1 through 25, 27 through 35, and 37 through 38, inclusive, of this Complaint, and incorporate them herein as though fully set forth.

40. Plaintiffs are informed and believe, and on that basis allege, that on or about October 7, 1998, Cargo Number 1 was placed into the care, custody, and control of defendant pursuant to the contracts of affreightment, hereinabove described, and for which defendant was paid.

41. Plaintiffs are informed and believe, and on that basis allege, that on or about October 9, 1998, Cargo Number 2 was placed into the care, custody, and control of defendant pursuant to the contracts of affreightment, hereinabove described, and for which defendant was paid.

42. Plaintiffs are informed and believe, and on that basis allege, that on or about October 21, 1998, Cargo Number 3 was placed into the care, custody, and control of defendant pursuant to the contracts of affreightment, hereinabove described, and for which defendant was paid.

43. Plaintiffs are informed and believe, and on that basis allege, that on or about October 21, 1998, Cargo Number 4 was placed into the care, custody, and control of defendant pursuant to the contracts of affreightment, hereinabove described, and for which defendant was paid.

///
///

11
COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT; BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO23-0000011
2507039.1

AUG 29 2002 14:44    7147547408    PAGE.12

44. Plaintiffs are informed and believe, and on that basis allege, that on or about October 27, 1998, Cargo Number 5 was placed into the care, custody, and control of defendant pursuant to the contracts of affreightment, hereinabove described, and for which defendant was paid.

45. Defendant so negligently, carelessly, and recklessly cared for and protected Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 while in their custody and control, that Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 that portions of Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 were lost and/or stolen prior to delivery to the consignee or other party entitled to Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 in Brazil.

46. The losses to Cargo Number 1, Cargo Number 2, Cargo Number 3, Cargo Number 4, and Cargo Number 5 were directly, proximately, and legally caused by the acts and omissions of defendant in violation of its duty and obligation as a bailee.

47. By reason of the foregoing, plaintiffs have been damaged in a sum not less than $338,896.31, plus survey and other investigative expenses in an amount to be proved at trial, no part of which has been paid by defendant, despite demand therefore.

///
///
///
///
///

12
COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT;
BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

MO28-0000011
2807039.1

AUG 29 2002 14:45                                                                 7147547408            PAGE.13

WHEREFORE, plaintiffs pray for judgment against defendant, as follows:

1. For damages in an amount not less than $338,896.31;

2. For survey and other investigative expenses in an amount to be proved at trial;

3. For prejudgment interest thereon;

4. For postjudgment interest at the legal rate;

5. For costs of suit herein; and,

6. For such other and further relief as this Court may deem just and proper.

DATED:  August 29, 2002

MICHAEL W. LODWICK
PAUL K. SONG
HAIGHT BROWN & BONESTEEL LLP


By _____
MICHAEL W. LODWICK
PAUL K. SONG
Attorneys for Plaintiffs
THE CONTINENTAL
INSURANCE COMPANY and
QUALCOMM INCORPORATED

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

M02S-0000011
2807039.1

13
COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT;
BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN

AUG 29 2002 14:45                                                                                7147547408          PAGE.14



JS44
(Rev 07/89)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
THE CONTINENTAL INSURANCE COMPANY, a corporation; and QUALCOMM INCORPORATED, a corporation

**DEFENDANTS**
PANALPINA, INC., a corporation

02 AUG 29 PM 3:00
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** New York
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michael W. Lodwick, Esq.
HAIGHT BROWN & BONESTEEL LLP
5 Hutton Centre Drive, Suite 900
Santa Ana, California 92707-0510
Tel: (714) 754-1100
Fax: (714) 754-0826

**ATTORNEYS (IF KNOWN)**

02 CV 1731 JM (LSP)

By Fax

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

49 U.S.C. § 14706 and 28 U.S.C. § 1331. COMPLAINT FOR DAMAGES FOR LOSS OF CARGO UNDER THE CARMACK AMENDMENT; BREACH OF CONTRACT; NEGLIGENCE; BREACH OF DUTY TO CARE FOR PROPERTY IN BAILMENT

28:1331 fe (8P)

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks & Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine product Liability | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
|  | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud |  | ☐ 862 Black Lung (923) |  |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 720 Labor Mgmt Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor-Mgmt Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
|  | / ☐ 385 Property Damage Product Liability |  | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 |  |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl Ret Inc |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act |  |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prisoner Conditions |  |  |  |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removal from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ 338,896.31
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE THOMAS J. WHELAN     Docket Number 02-CV-0419 W (JFS)

DATE August 29, 2002

SIGNATURE OF ATTORNEY OF RECORD
PAUL K. SONG
HAIGHT BROWN & BONESTEEL LLP
By: /s/ Paul K. Song
PAUL K. SONG
Attorneys for Plaintiffs

2002 © American LegalNet, Inc.

Rcd $50.00  8/29/02 #86109 VB

AUG 29 2002 14:46                  7147547408                  PAGE. 17